THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
 CRAIG YATES
and DISABILITY RIGHTS,
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU) HELP OTHERS, a California public benefit corporation,<br><br>            Plaintiffs,<br><br>v.<br><br>UNICORN PAN ASIAN CUISINE; WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company,<br><br>            Defendants. | **CASE NO. CV 08-00356-VRW**<br>Civil Rights<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br><br>**DEMAND FOR JURY** |

1  Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3  corporation (hereinafter sometimes referred to as "DREES"), complain of defendants WELLS

4  FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I.

5  POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability

6  company, and allege as follows:

7  **INTRODUCTION:**

8        1.     This is a civil rights action for discrimination against persons with physical

9  disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are

10  members, for failure to remove architectural barriers structural in nature at defendants' , a place

11  of public accommodation, thereby discriminatorily denying plaintiffs and the class of other

12  similarly situated persons with physical disabilities access to, the full and equal enjoyment of,

13  opportunity to participate in, and benefit from, the goods, facilities, services, and

14  accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the

15  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

16  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

17        2.     Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

18  November 10, 2005, September 29, 2006, May 10, 2007, October 9, 2007 and November 24,

19  2007, was an invitee, guest, patron, customer at defendants' UNICORN PAN ASIAN CUISINE,

20  in the City of Berkeley, California.  At said time and place, defendants failed to provide proper

21  legal access to the restaurant, which is a "public accommodation" and/or a "public facility"

22  including, but not limited to the entrance and restroom.  The denial of access was in violation of

23  both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation

24  of his civil rights to full and equal access, and was embarrassed and humiliated.

25  **JURISDICTION AND VENUE:**

26        3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

27  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

28  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   nucleus of operative facts and arising out of the same transactions, are also brought under parallel

2   California law, whose goals are closely tied with the ADA, including but not limited to violations

3   of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

4   *seq.*, including §19959; Title 24 California Building Standards Code.

5          4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

6   founded on the facts that the real property which is the subject of this action is located at/near

7   2533 Telegraph Avenue, in the City of  Berkeley, County of Alameda, State of California, and

8   that plaintiffs' causes of action arose in this county.

9   **PARTIES:**

10         5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

11  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

12  disabled", "physically handicapped" and "person with physical disabilities" are used

13  interchangeably, as these words have similar or identical common usage and legal meaning, but

14  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

15  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

16  statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff is

17  a "person with physical disabilities", as defined by all applicable California and United States

18  laws.  Plaintiff is triplegic.  Plaintiff CRAIG YATES requires the use of a wheelchair to travel

19  about in public.  Consequently, plaintiff CRAIG YATES  is a member of that portion of the

20  public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.*

21  (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the

22  protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act,

23  Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

24         6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

25  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

26  with persons with disabilities to empower them to be independent in American society.  DREES

27  accomplishes its goals and purposes through education on disability issues, enforcement of the

28  rights of persons with disabilities, and the provision of services to persons with disabilities, the

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

general public, public agencies and the private business sector. DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.     That members of DREES, like plaintiff CRAIG YATES, will or have been guests and invitees at the subject UNICORN, and that the interests of plaintiff DREES in removing architectural barriers at the subject UNICORN advance the purposes of DREES to assure that all public accommodations, including the subject restaurant, are accessible to independent use by mobility-impaired persons. The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.     Defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as the UNICORN, located at/near 2533 Telegraph Avenue, Berkeley, California, or of the building and/or buildings which constitute said public accommodation.

9.     At all times relevant to this complaint, defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, own and operate in joint venture the subject restaurant as a public accommodation. This business is open to the general public and conducts business therein. The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

///

///

///

10.    At all times relevant to this complaint, defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company are jointly and severally responsible to identify and remove architectural barriers at the subject UNICORN pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201    General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.    The UNICORN, is a restaurant, located at/near 2533 Telegraph Avenue, Berkeley, California.  The UNICORN, its entrance, restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the UNICORN and each of its facilities, its entrance and restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

13.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the UNICORN as being handicapped accessible and handicapped usable.

14.    On or about November 10, 2005, September 29, 2006, May 10, 2007, October 9, 2007 and November 24, 2007, plaintiff CRAIG YATES was an invitee and guest at the subject UNICORN, with his friends on some occasions and solo on others, for purposes of having food and beverage.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.    On or about November 10, 2005,  plaintiff CRAIG YATES patronized the UNICORN with his friend Patrick Connally for a very late lunch.  Plaintiff CRAIG YATES and his friend could not independently access the restaurant due to the slope in front of the double doors, or the double doors themselves.  Another patron had to open a door, and an employee had to open the other to allow access.

16.    At said time and place, plaintiff CRAIG YATES had a late lunch.  When plaintiff CRAIG YATES needed to use a restroom, he was told to go next door to the CIL. Unfortunately, the CIL was closed.

17.     On or about September 29, 2006, plaintiff CRAIG YATES returned to the UNICORN.  Plaintiff CRAIG YATES was by himself, and could not open the entry door, until a patron and employee of the UNICORN assisted him.

18.    At said time and place, plaintiff CRAIG YATES needed to use a restroom. Plaintiff was informed where the restroom was located, but also that it was inaccessible.  Plaintiff CRAIG YATES noticed that the path of travel to the restroom was blocked by tables.

19.    On or about May 10, 2007, plaintiff CRAIG YATES returned by himself to the UNICORN.  Plaintiff CRAIG YATES still could not independently access the restaurant through the two front doors.  Once again, a patron and an employee had to open the doors for plaintiff CRAIG YATES to gain entry.  Plaintiff was also unable to use the restroom.

20.    On or about October 9, 2007, plaintiff CRAIG YATES again returned by himself to the UNICORN.  Plaintiff CRAIG YATES couldn't open and enter the doors.  He was assisted into the restaurant.  As in all past times, plaintiff CRAIG YATES also encountered a water type wall sculpture which also compounded access into the restaurant.  Plaintiff CRAIG YATES needed to use a restroom.

21.    At said time and place, plaintiff CRAIG YATES discovered that he still could not utilize a restroom.

22.    On or about October 10, 2007, plaintiff CRAIG YATES frustrated, wrote the landlord and tenant concerning access issues.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23.    On or about October 11, 2007, and between November 8, 2007, plaintiff CRAIG YATES receives an undated letter from Kiet, the operator of the UNICORN informing him that the UNICORN would not be renewing its lease and suggesting that plaintiff CRAIG YATES visit another of it's restaurants in San Francisco.

24.    On or about November 9, 2007, plaintiff CRAIG YATES wrote Kiet back and inquired when the lease would actually be up and asking for the name and address of the landlord.  Plaintiff CRAIG YATES never received a response to this letter.

25.    On or about November 24, 2007, plaintiff CRAIG YATES returned to the UNICORN to meet friends, Erica Neli and Carlos Valero.

26.    At said time and place, plaintiff CRAIG YATES discovered that no remedial measures had been undertaken.

27.    At said time and place, plaintiff CRAIG YATES approached the double entry doors on the slope and struggled to open the right door.  This time, there was no patron or employee to assist plaintiff CRAIG YATES.  Plaintiff CRAIG YATES in attempting to pull the door open, he suffered trauma to his right upper extremity and neck.

28.    At said time and place, plaintiff CRAIG YATES once inside, had a meal with his friends.  They arrived after plaintiff CRAIG YATES was given a table.

29.    At said time and place, plaintiff CRAIG YATES needed to use a restroom, and again discovered that the restroom was not accessible to him.  The path of travel to the restroom was blocked by dining tables.

///

///

///

///

///

///

///

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

30.     Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject UNICORN which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.     lack of directional signage to show accessible routes of travel, i.e., entrances;

b.     lack of an accessible entrance;

c.     lack of a handicapped-accessible public restroom;

d.     lack of an accessible path of travel to the restroom;

e.     On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

31.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

32.     On or about October 10, 2007 and November 9, 2007, defendant(s) were sent letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.  The landlord never responded to the letters.  Mr. Kiet on behalf of the UNICORN responded to the October 10, 2007  letter, but not to plaintiff's follow up letter of November 9, 2007.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  The landlord's failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.  Likewise, the UNICORN's failure to respond to plaintiff's follow up letter, also evidenced an intent to engage in an early resolution of the matter.  Further, it appears that the UNICORN was engaging in a "cover up" of its relationship with the landlord.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

33.     As a legal result of defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company' s failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

34.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about November 24, 2007, (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing double door entrance and slope, plaintiff CRAIG YATES suffered continuous, repetitive and cumulative trauma to his right upper extremities and neck  while attempting to open the entry door).

35.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

36.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

37.  Plaintiff CRAIG YATES and the membership of DREES were denied their rights to equal access to a public facility by defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, because defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the entrance, restroom and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

38.  On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

39.  Plaintiffs, as described hereinbelow, seek injunctive relief to require the UNICORN to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the restaurant as a public facility.  Plaintiffs seek damages for violation of their civil rights on September 29, 2006, May 10, 2007, October 9, 2007 and November 24, 2007 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that plaintiff CRAIG YATES was deterred from returning to the UNICORN as determined by the court or jury because of his knowledge and belief that the premises was and remains inaccessible to persons with disabilities.

40.  On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

41.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the UNICORN accessible to persons with disabilities.

42.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators of other restaurants and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

43.     Plaintiffs are informed and believe and therefore allege that defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, and each of them, caused the subject building(s) which constitute the UNICORN to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the UNICORN and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said restaurant and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the restaurant and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  DREES and the disability community which DREES serves.  Such construction, modification,

2  ownership, operation, maintenance and practices of such public facilities are in violation of Civil

3  Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et*

4  *seq.*

5      44.    On personal knowledge, information and belief, the basis of defendants' actual

6  and constructive notice that the physical configuration of the facilities including, but not limited

7  to, architectural barriers constituting the UNICORN and/or building(s) was in violation of the

8  civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,

9  communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other

10  restaurants, hotels, motels and businesses, notices they obtained from governmental agencies

11  upon modification, improvement, or substantial repair of the subject premises and other

12  properties owned by these defendants, newspaper articles and trade publications regarding the

13  Americans with Disabilities Act of 1990 and other access laws, public service announcements by

14  former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.

15  Defendants' failure, under state and federal law, to make the restaurant accessible is further

16  evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated

17  persons with disabilities.  Despite being informed of such effect on plaintiff and other persons

18  with physical disabilities due to the lack of accessible facilities, defendants, and each of them,

19  knowingly and willfully refused to take any steps to rectify the situation and to provide full and

20  equal access for plaintiffs and other persons with physical disabilities to the restaurant.  Said

21  defendants, and each of them, have continued such practices, in conscious disregard for the rights

22  of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint,

23  and continuing thereon.  Defendants had further actual knowledge of the architectural barriers

24  referred to herein by virtue of the demand letter addressed to the defendants and served

25  concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it

26  was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable

27  conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated

28  persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

45.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, inclusive)
(42 U.S.C. §12101, *et seq.*)

46.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 45 of this complaint.

47.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

///
///
///
///
///
///
///
///

48.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

49.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

50.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

///
///
///
///
///
///
///
///

51.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

52.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the UNICORN pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the

1  removal of all the barriers complained of herein together was not "readily achievable," the

2  removal of each individual barrier complained of herein was "readily achievable."  On

3  information and belief, defendants' failure to remove said barriers was likewise due to

4  discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

5  (b)(2)(A)(i)and (ii).

6      53.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

7  accomplishable and able to be carried out without much difficulty or expense."  The statute

8  defines relative "expense" in part in relation to the total financial resources of the entities

9  involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that

10  plaintiffs complain of herein were and are "readily achievable" by the defendants under the

11  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

12  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

13  make the required services available through alternative methods which were readily achievable.

14      54.    On information and belief, construction work on, and modifications of, the subject

15  building(s) of the UNICORN occurred after the compliance date for the Americans with

16  Disabilities Act, January 26, 1992, independently triggering access requirements under Title III

17  of the ADA.

18      55.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et

19  seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

20  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

21  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

22  are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

23  returning to or making use of the public facilities complained of herein so long as the premises

24  and defendants' policies bar full and equal use by persons with physical disabilities.

25      56.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with

26  a disability to engage in a futile gesture if such person has actual notice that a person or

27  organization covered by this title does not intend to comply with its provisions".  Pursuant to this

28  section, plaintiff CRAIG YATES  has not returned to defendants' premises since on or about

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

November 24, 2007, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

57.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

58.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 57 of this complaint.

59.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

(a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

///

///

///

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

60.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

61.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

62.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal access to defendants' UNICORN. As a legal result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a) for each day on which they visited or have been

///

///

///

///

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  deterred from visiting the restaurant because of their knowledge and belief that the restaurant  is

2  inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

3          Any person or persons, firm or corporation, who denies or
           interferes with admittance to or enjoyment of the public facilities
4          as specified in Sections 54 and 54.1 or otherwise interferes with
           the rights of an individual with a disability under Sections 54, 54.1
5          and 54.2 is liable for each offense for the actual damages and any
           amount as may be determined by a jury, or the court sitting without
6          a jury, up to a maximum of three times the amount of actual
           damages but in no case less than . . .one thousand dollars ($1,000)
7          and . . . attorney's fees as may be determined by the court in
           addition thereto, suffered by any person denied any of the rights
8          provided in Sections 54, 54.1 and 54.2.

9          Civil Code §54.3(a)

10         63.    On or about September 29, 2006, May 10, 2007, October 9, 2007 and November

11  24, 2007, plaintiff CRAIG YATES suffered violations of §§54 and 54.1 of the Civil Code in that

12  plaintiff CRAIG YATES was denied access to the entrance, restroom and other public facilities

13  as stated herein at the UNICORN and on the basis that plaintiff CRAIG YATES was a person

14  with physical disabilities.

15         64.    As a result of the denial of equal access to defendants' facilities due to the acts

16  and omissions of defendants, and each of them, in owning, operating and maintaining these

17  subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not

18  limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff CRAIG YATES  suffered

19  physical discomfort, bodily injury on or about November 24, 2007, (including, but not limited to,

20  fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to,

21  over, around and through architectural barriers.  Specifically, as a legal result of defendants

22  negligence in the design, construction and maintenance of the existing double doors and slope,

23  plaintiff CRAIG YATES  suffered continuous, repetitive and cumulative trauma to his right

24  upper extremity and neck while attempting to open the doors).

25         65.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,

26   mental suffering, mental anguish, which includes shame, humiliation, embarrassment,

27  frustration, anger, disappointment and worry, all of which are expectedly and naturally associated

28  with a denial of access to a person with physical disabilities, all to plaintiff's damages as

hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

66.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about September 29, 2006, May 10, 2007, October 9, 2007 and November 24, 2007, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

67.    As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2    **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
        FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
3        (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
4        benefit corporation and Against Defendants WELLS FARGO BANK, N.A., (Formerly
        known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC
5        TRUST); and CHAMPANGO LLC, a limited liability company, inclusive)
        (Health & Safety Code §19955, *et seq.*)

6

7        68.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

    the allegations contained in paragraphs 1 through 67 of this complaint.
8

9        69.    Health & Safety Code §19955 provides in pertinent part:

10            The purpose of this part is to insure that public accommodations or
            facilities constructed in this state with private funds adhere to the
            provisions of Chapter 7 (commencing with Sec. 4450) of Division
11            5 of Title 1 of the Government Code.  For the purposes of this part
            "public accommodation or facilities" means a building, structure,
12            facility, complex, or improved area which is used by the general
            public and shall include auditoriums, hospitals, theaters,
13            restaurants, hotels, motels, stadiums, and convention centers.
            When sanitary facilities are made available for the public, clients or
14            employees in such accommodations or facilities, they shall be
            made available for the handicapped.

15        70.    Health & Safety Code §19956, which appears in the same chapter as §19955,
16
    provides in pertinent part, "accommodations constructed in this state shall conform to the
17
    provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
18
    Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
19
    public accommodations constructed or altered after that date.  On information and belief,
20
    portions of the UNICORN and/or of the building(s) were constructed and/or altered after July 1,
21
    1970, and substantial portions of the restaurant and/or the building(s) had alterations, structural
22
    repairs, and/or additions made to such public accommodations after July 1, 1970, thereby
23
    requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et*
24
    *seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health
25
    & Safety Code §19959.
26
        71.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
27
    Architect promulgated regulations for the enforcement of these provisions.  Effective July 1,
28

1982, Title 24 of the California Building Standards Code adopted the California State Architect's

Regulations and these regulations must be complied with as to any alterations and/or

modifications of the UNICORN and/or the building(s) occurring after that date. Construction

changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant

to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

On information and belief, at the time of the construction and modification of said building, all

buildings and facilities covered were required to conform to each of the standards and

specifications described in the American Standards Association Specifications and/or those

contained in Title 24 of the California Building Standards Code.

72.    Restaurants such as the UNICORN are "public accommodations or facilities"

within the meaning of Health & Safety Code §19955, *et seq*.

73.    As a result of the actions and failure to act of defendants, and as a result of the

failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of

plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal

access to public facilities.

74.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

physical disabilities and prohibiting discrimination against the persons with physical disabilities,

and to take such action both in plaintiffs' own interests and in order to enforce an important right

affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all

reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

§1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

party.

75.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, inclusive)
(Civil Code §51, 51.5)

76.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 75 of this complaint.

77.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

///
///
///
///
///
///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

78.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

79.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment,

on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section".  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §46, *et seq*., as if repled herein.

80.    As a legal result of the violation of plaintiff CRAIG YATES's  civil rights as hereinabove described, plaintiff CRAIG YATES has suffered general damages, bodily injury on or about November 24, 2007, (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing double doors and slope, plaintiff CRAIG YATES suffered continuous, repetitive and cumulative trauma to his right upper extremity and neck while attempting to open the doors to the UNICORN).

81.    Further, plaintiff CRAIG YATES suffered emotional distress (all to plaintiff's  damage according to proof, and incurred reasonable attorneys' fees and costs).  Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

///

///

///

///

///

///

///

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, inclusive, to make the UNICORN PAN ASIAN CUISINE , located at 2533 Telegraph Avenue, Berkeley, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

///
///
///
///
///
///
///
///
///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, inclusive, to make the UNICORN PAN ASIAN CUISINE , located at 2533 Telegraph Avenue, Berkeley, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Treble damages pursuant to Civil Code §54.3;

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291;

7.    Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    General and compensatory damages according to proof.

///

///

///

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, inclusive)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling  defendants WELLS FARGO BANK, N.A.,

(Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the

POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, inclusive, to make the

UNICORN PAN ASIAN CUISINE , located at 2533 Telegraph Avenue, Berkeley, California,

readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident

and for each occasion on which plaintiffs were deterred from returning to the subject public

accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    5.    Prejudgment interest pursuant to Civil Code §3291; and

2    6.    Such other and further relief as the court may deem just and proper.

3  **VI.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants WELLS FARGO BANK, N.A., (Formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC, trustees of the POPPIC TRUST); and CHAMPANGO LLC, a limited liability company, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

8    1.    General and compensatory damages to plaintiff CRAIG YATES  according to

9  proof.

10

11  Dated: March 12, 2008            THOMAS E. FRANKOVICH
                                     *A PROFESSIONAL LAW CORPORATION*

12

13

14                                   By: _____/S/_____
                                            THOMAS E. FRANKOVICH
15                                   Attorneys for Plaintiffs CRAIG YATES and DISABILITY
                                     RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
16                                   HELPING YOU HELP OTHERS, a California public
                                     benefit corporation

17                          **DEMAND FOR JURY TRIAL**

18       Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

19  Dated: March 12, 2008            THOMAS E. FRANKOVICH
20                                   *A PROFESSIONAL LAW CORPORATION*

21

22                                   By: _____/S/_____
                                            THOMAS E. FRANKOVICH
23                                   Attorneys for Plaintiffs CRAIG YATES and DISABILITY
                                     RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
24                                   HELPING YOU HELP OTHERS, a California public
                                     benefit corporation

25

26

27

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# EXHIBIT A

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

October 10, 2007

Unicorn
Manager
2533 Telegraph Ave.
Berkeley, CA

Dear Manager of the Unicorn:

      Over the last couple of years I visited the Unicorn.  As I use a wheelchair, I had problems with the steep entry and not being able to get to the restroom. The hallway to the restroom has so many tables that it is impossible to roll to the restroom. Further, the table may constitute a fire hazard?  Have you talked to the Fire Marshall about this?  I would ask that you respond to me about this.

      I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. Maybe you can't fix the ramp, but a power door might be the answer I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to the Unicorn once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. I should also remind you that I spoke with the manager or owner of the restaurant on one of the occasions I was there. Would you please reply to my letter by FedEx to make sure I get your response?

      I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.  You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

      I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it.  Maybe your account already has this information or knows about it.

      Thank you for considering my request.

Thank you,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

October 10, 2007

Owner of the Building for
Unicorn Restaurant
2533 Telegraph Ave.
Berkeley, CA

Dear Owner of the Building for the Unicorn:

Over the last couple of years I visited the Unicorn. As I use a wheelchair, I had problems with the steep entry and not being able to get to the restroom. The hallway to the restroom has so many tables that it is impossible to roll to the restroom. Further, the table may constitute a fire hazard? Have you talked to the Fire Marshall about this? I would ask that you respond to me about this.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. Maybe you can't fix the ramp, but a power door might be the answer I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to the Unicorn once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. I should also remind you that I spoke with the manager or owner of the restaurant on one of the occasions I was there. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank you,

Craig Yates

**UNICORN**
Champango, LLC

Pan Asian cuisine    191 Pine Street,    San Francisco, Ca 94111    415.982.9828

Dear Mr. Yates,

Thank you for pointing this out to us. We apologize for your inconvenience. We will not be able to upgrade Unicorn Berkeley as our lease is about to run out. We will surrender the space back to the landlord since they are unwilling to assist us in fixing up the space. It is just a financial decision we have made. However, if you are ever in San Francisco, please visit us. We are ADA compliance and we wish to serve you again.

All the best,

Kiet

Craig Yates
1004 Los Gamos Road, Unit 3
San Rafael, CA 94903

November 9, 2007

Kiet
Unicorn Restaurant
c/o Pan Asian Cuisine.
191 Pine St.
San Francisco, CA 94111

Dear Kiet,

I received your letter in response to my October 10, 2007 letter. There were questions you didn't answer Ok, well it was more than an inconvenience not being able to use the restroom.

You sent me back the letter addressed to the owner of the building, but in your letter you said the landlord was "unwilling" If the landlord doesn't get the letter how could he or she be unwilling?

Please give me the name and address of the landlord. I'll send another letter. What date does your lease end?   Don't you think a new tenant should get a chance to provide an accessible restroom?   Please write me back by next week.

Sincerely,

Craig Yates

Craig Yates