1  H. PAUL BRYANT, State Bar No. 126037
   LAW OFFICES OF H. PAUL BRYANT
2  725 Washington Street, Suite 725
   Oakland, California, 94607
3  Tel: (510) 272-0700 Fax: (510) 272-0776
   Email: eastbaylaw@aol.com
4
5  Attorney for Unicorn Pan Asian Cuisine

6
7              UNITED STATES DISTRICT COURT
8              NORTHERN DISTRICT OF CALIFORNIA
9              SAN FRANCISCO DIVISION
10

11 | CRAIG YATES, an individual; and              ) CASE NO. C080356 JSW
12 | DISABILITY RIGHTS, ENFORCEMENT,              )
   | EDUCATION, SERVICES: HELPING                 ) NOTICE OF MOTION FOR COURT
13 | YOU HELP OTHERS, a California public         ) TO: (1) DECLINE SUPPLEMENTAL
   | benefit corporation,                         ) JURISDICTION OVER AND TO
14 |                                              ) DISMISS PLAINTIFF'S STATE LAW
15 |                Plaintiff                     ) CLAIMS [28 U.S.C. § 1367(c)]; AND (2)
   |                                              ) DISMISS FOR FAILURE TO STATE
16 | vs.                                          ) A CLAIM UPON WHICH RELIEF
17 |                                              ) CAN BE GRANTED; [FRCP 12(b)(6)]
   | UNICORN PAN ASIAN CUISINE                    )
18 | CROKET NATIONAL BANK &                       ) Date: May 23, 2008
   | HENRY I. POPPIC, trustees of the             ) Time: 9:00 a.m.
19 | POPPIC TRUST and CHAMPANGO                   ) Courtroom 2, 17th Floor
20 | LLC, a limited liability Company             ) Judge: The Hon. Jeffrey S. White
21 |                Defendants.                     Complaint filed: January 18, 2008
                                                   Trial Date:      None
22
23 _____

24 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

25 **PLEASE TAKE NOTICE:** that on **May 23, 2008**, at **9:00 a.m.**, before the Honorable Jeffrey S.

26 White in Courtroom 2 (17th Floor) of the above-referenced court located at 450 Golden Gate Ave.,

27 16th Floor, San Francisco, California, Defendant Unicorn Pan Asian Cuisine ("Moving Party") will,

28 and hereby does, make a motion to this Court to Decline Supplemental Jurisdiction Over and to

NOTICE OF MOTION FOR COURT TO: (1) DECLINE SUPPLEMENTAL
JURISDICTION AND (2) DISMISS FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED
Case # C08-0356

1

C074087EDI

Dismiss Plaintiff's State Law Claims [28 U.S.C. § 1367(c)] and to Dismiss Plaintiff's Complaint for failing to State a Cause of Action Against this defendant [FRCP 12(b)(6)] (the "Motion").

By this Motion, Moving Parties requests that the Court:

(1) Decline to extend supplemental jurisdiction over Plaintiff's state law claims and dismiss the same pursuant to 28 U.S.C. § 1367(c) on the grounds that irreconcilable interpretations between the California State and Federal Courts regarding the requirements for entitlement to statutory damages under the California Unruh Civil Rights Act, and

(2) Dismiss the Complaint for failure to state a cause of action against Moving Party Pursuant to Federal Rule of Civil Procedure, 12(b)(6) on the grounds that no cause of action has been stated and no claim for relief is sought against Unicorn.

This Motion is based upon this notice and motion, the accompanying Memorandum of Points and Authorities in Support of Motion for the Court to Decline Supplemental Jurisdiction Over and to Dismiss Plaintiff's State Law Claims [28 U.S.C. § 1367(c)] and to Dismiss the Complaint for failure to state a cause of action against Moving Party [FRCP 12(b)(6)] filed concurrently herewith, the accompanying Request for Judicial Notice in Support of the Motion filed and served concurrently herewith, as well as the complete files and records of this action and on such other and further evidence, arguments, and authorities as may be submitted prior to and during the hearing on this Motion.

Dated: March 31, 2008        LAW OFFICES OF H. PAUL BRYANT

By: _____
H. Paul Bryant, Attorney for
Unicorn Pan Asian Cuisine

NOTICE OF MOTION FOR COURT TO: (1) DECLINE SUPPLEMENTAL
JURISDICTION AND (2) DISMISS FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED
Case # C08-0356

2

## PROOF OF SERVICE BY MAIL

RE:  **Yates v. Unicorn Pan Pacific Cuisine**
ND California Federal District Court, Case No. C080356 JSW

H. Paul Bryant certifies and declares as follows:

I am over the age of 18 years, and not a party to this action. My business address is 725 Washington Street, Suite #213, Oakland, California, 94607, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 31, 2008, at my place of business at Oakland, California, a copy of the following documents:

(1) NOTICE OF MOTION FOR COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(c)]; AND (2) DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; [FRCP 12(b)(6)]

(2) MOTION FOR COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(c)]; AND (2) DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; [FRCP 12(b)(6)]

(3) REQUEST FOR JUDICIAL NOTICE OF DOCUMENTS SUPPORING MOTION FOR COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(c)]; AND (2) DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; [FRCP 12(b)(6)]

were served by placing the documents listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail, at Oakland, California addressed as set forth below :

Thomas E. Frankovich
2806 Van Ness Avenue
San Francisco, California 94109

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 31, 2008.

H. Paul Bryant

POS

1  H. PAUL BRYANT, State Bar No. 126037
   LAW OFFICES OF H. PAUL BRYANT
2  725 Washington Street, Suite 725
   Oakland, California, 94607
3  Tel: (510) 272-0700 Fax: (510) 272-0776
   Email: eastbaylaw@aol.com
4

5  Attorney for Unicorn Pan Asian Cuisine

6

7                UNITED STATES DISTRICT COURT

8                NORTHERN DISTRICT OF CALIFORNIA

9                   SAN FRANCISCO DIVISION

10

11 
   CRAIG YATES, an individual; and          ) CASE NO. C080356 JSW
12 DISABILITY RIGHTS, ENFORCEMENT,           )
   EDUCATION, SERVICES: HELPING              ) MEMORANDUM OF POINTS AND
13 YOU HELP OTHERS, a California public      ) AUTHORITIES IN SUPPORT OF
   benefit corporation,                      ) MOTIONS FOR THE COURT TO:
14                                           ) (1) DECLINE SUPPLEMENTAL
15            Plaintiff                      ) JURISDICTION OVER AND TO
                                             ) DISMISS PLAINTIFF'S STATE LAW
16 vs.                                       ) CLAIMS [28 U.S.C. § 1367(c)];  (2)
                                             ) DISMISS FOR FAILURE TO STATE
17 UNICORN PAN ASIAN CUISINE                 ) A CLAIM UPON WHICH RELIEF
   CROKET NATIONAL BANK &                    ) CAN BE GRANTED; [FRCP 12(b)(6)]
18 HENRY I. POPPIC, trustees of the          )
19 POPPIC TRUST and CHAMPANGO                ) Date: May 23, 2008
   LLC, a limited liability Company           Time: 9:00 a.m.
20                                            Courtroom 2 (17th floor)
21            Defendants.                     Judge: The Hon. Jeffrey S. White

22                                            Complaint filed: January 18, 2008
                                              Trial Date:      None
23

24 _____

25

26

27

28

                                    1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS
FOR THE COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION AND
(2) DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH
RELIEF CAN BE GRANTED
Case # C08-0356

# TABLE OF CONTENTS

I. INTRODUCTION.................................................................................................... 1

II. SUMMARY OF THE ARGUMENT…………………………….......................... 2

III. LEGAL ANALYSIS ……………………………………………………….....… 2

   A. The Court Should Decline Supplemental Jurisdiction [28 U.S.C. § 1367(c)] …….. 2

   B. The Court Should Dismiss for Failure to State a Cause of Action [FRCP 12(b)(6)]. 5

IV. CONCLUSION ……………………………………………………...……………. 6

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS
FOR THE COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION AND
(2) DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH
RELIEF CAN BE GRANTED
Case # C08-0356

# TABLE OF AUTHORITIES

**FEDERAL STATUTES AND RULES**

| | |
|---|---|
| 28 U.S.C. § 1367(c) | 3 |
| FRCP 12(b)(6) | 6 |

**FEDERAL CASES**

| | |
|---|---|
| Balistreri v. Pacifica Police Department (9th Cir. 1990) 901 F.2d 696, 699 | 6 |
| Cross v. Boston Market Corp., 07CV486J(LSP) (May 29, 2007) | 5 |
| Cross v. Pacific Coast Plaza Invest., No. 06CV2543 | 4 |
| Gasperini v. Center for Humanities, Inc., 518 U.S. 415 (1996) | 4,5 |
| Lentini v. California Center for the Arts, Escondido, 370 F.3d 837 (9th Cir. 2004) | 3,4 |
| GAM v. Singletary, 406 F. Supp. 2d 1120 (2005 S.D. Cal.) | 6 |
| Salve Regina College v. Russell, 499 U.S. 225 (1991) | 5 |
| United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) | 4,5 |
| Wilson v. Haria and Gogri Corp., 2007 WL 851744 (ED Cal. 2007) | 4,5 |

**STATE CASES**

| | |
|---|---|
| Gunther v. Lin, 144 Cal. App. 4th 223 (4th Dist. 2006) | 3,4 |

**STATE STATUTES**

| | |
|---|---|
| Cal. Civil Code. Section 52(a) | 3 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS FOR THE COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION AND (2) DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED
Case # C08-0356

3

I.  INTRODUCTION

Craig Yates and Disability Rights Enforcement Education, Services: Helping You Help Others, a California Public Benefit Corporation (collectively "Plaintiffs") present State and Federal ADA claims seeking injunctive relief, penalties, monetary damages and attorneys fees.  Plaintiff Yates has filed over 25 similar ADA cases in this District Court. [See Request for Judicial Notice of U.S. Party Case Index, Exhibit A]

In this case, Plaintiffs allege Yates went to the Unicorn Pan Asian Cuisine restaurant on multiple occasions and purportedly encountered (1) an inaccessible front door and (2) lack of accessible bathrooms at the premises located at 2533 Telegraph Ave, Berkeley, California (the "Property"). Complaint, paragraph 2 [Comp: Par.2].  The named defendants include: (1) the lessee ---Unicorn Pan Asian Cuisine (hereinafter "Unicorn") and (2) the owners --- Croket National Bank & Henry I. Poppic, trustees as the Poppic Trust and Champango LLC, a limited liability company.

Plaintiffs plead the following four causes of action: (1) Denial of Access by a Public Accommodation in  Violation of Americans with Disabilities Act of 1990, (2) Denial of Full and Equal Access in Violation of California Civil Code Sections 54, 54.1 and 54.3, (3) Denial of Accessible Sanitary Facilities in Violation of California Health and Safety Code Section 19955, Et Seq. and (4) Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code section 51, et seq. (the Unruh Civil Rights Act).

Croket National Bank & Henry I. Poppic, trustees as the Poppic Trust and Champango LLC, a limited liability company are collectively referred to in the Complaint as "defendants." [Compl: Par. 8]. In each of the four causes of action, plaintiff expressly states that the legal theory (upon which relief is requested) is by Plaintiffs "and against Croket National Bank & Henry I. Poppic, trustees as the Poppic Trust and Champango LLC, a limited liability company."  [Comp: Pg.13:1-5, Pg.17:1-5, Pg.20:9-13 and Pg. 22:12-16]. Each Prayer for relief is requested on behalf of Plaintiffs "and against Croket National Bank

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS FOR THE COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION AND (2) DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED
Case # C08-0356

1

& Henry I. Poppic, trustees as the Poppic Trust and Champango LLC, a limited liability company." [Comp: Pg. 25:11-55, Pg.26:1-5, Pg.26:19-22, Pg. 27:1-5, Pg. 27:15-19 and Pg.28:1-5] The claims for injunctive relief (in paragraph one of the first three prayers) asks for an order compelling the named "owners" (previously defined as Croket National Bank & Henry I. Poppic, trustees as the Poppic Trust and Champango LLC, a limited liability company) "to make the Unicorn Pan Asian Cuisine...readily accessible to and usable by individuals with disabilities..."

While Defendant Unicorn is identified in the introductory paragraphs, there is no allegation that Unicorn "altered" the property --- and there is no affirmative relief sought against Lessee, Unicorn Pan Asian Cuisine, ("moving party"). Moving Party hereby submits the following memorandum of Points and Authorities in support of Unicorn's motions: (1) for the Court to decline supplemental jurisdiction over and to dismiss plaintiff's state law claims [28 U.S.C. § 1367(c) and (2) to dismiss for failure to state a cause of action upon which relief can be granted [FRCP 12(b)(6)].

II.    SUMMARY OF THE ARGUMENT

1. The Court Should Decline supplemental jurisdiction [28 U.S.C. § 1367(c)

California courts require the presence of intentional discrimination for a plaintiff to recover damages under the Unruh Act. Federal courts do not. Federal courts have, in similar circumstances, declined supplemental jurisdiction. This is to promote comity and justice. Plaintiff was aware of this issue (and the District Court's previous Order declining supplemental jurisdiction) when he filed his suit on 1/18/08. This Court should, once again, decline to extend supplemental jurisdiction over plaintiff's state law claims.

2. The Court Should Dismiss for Failure to State a Cause of Action [FRCP 12(b)(6)]

The pleadings do not set forth any claim for relief against defendant Unicorn. Presumably, plaintiff intentionally elected not to directly pursue a claim against Unicorn because the lessee has already indicated his intent to terminate his restaurant operations. [Comp: Exhib. A, letter to "Mr. Yates" by "Kiet" (Unicorn)]

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS
FOR THE COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION AND
(2) DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH
RELIEF CAN BE GRANTED
Case # C08-0356

2

## III. LEGAL ARGUMENT

### A. The Court Should Decline Supplemental Jurisdiction [28 U.S.C. § 1367(c)]

This very same issue, involving the very same Plaintiff, was addressed and decided just last month in this Court in <u>Yates v. Union Square</u>, CV 07-04087(JSW). On February 7, 2008, the Hon. Jeffrey S. White Granted an Order Declining Supplemental Jurisdiction and Dismissing State Law Claims presented by Craig Yates. [See Request for Judicial Notice of 2/7/08 Order, Exhibit B]

The statutory basis for the motion, 28 U.S.C. § 1367(c), provides that the court may decline supplemental jurisdiction on four separate grounds:

1. The claim raised in novel or complex issue a state law;
2. The claim substantially predominates over the claim or claims which the District Court has original jurisdiction;
3. The District Court has dismissed all claims over which it has original jurisdiction; or
4. In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Because of recent dissension between the state and federal courts on the interpretation of the Unruh Act, California's disability access statute, this court has already declined supplemental jurisdiction over and has dismissed plaintiff's state law claims in another matter. It should do the same in this action. As the Court well knows, in <u>Guenther v. Lin</u>, 144 Cal. App. 4th 223 (4th Dist. 2006), the California Court of Appeal rejected the 9th Circuit's holding in <u>Lentini V. California Center for the Arts, Escondido</u> 370 F.3d 837, 847 (9th Cir.2004). In doing so, the California Court of Appeal held intentional discrimination was required to obtain statutory damages under California Civil Code section 52(a) under the California Unruh Civil Rights Act. Id. at 228-229. This decision was affirmed by the California Supreme Court on January 17, 2007, when it denied review and a request to de-publish the opinion. [Request for Judicial Notice of Gunther Decision and History, Exhib. C]

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS
FOR THE COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION AND
(2) DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH
RELIEF CAN BE GRANTED
Case # C08-0356

3

Federal courts must apply state substantive law. Gasparini v. Center for Humanities, Inc. 518 U.S. 415, 416 (1996). In circumstances involving conflicting interpretations of state law, as a matter of comity and to promote justice between the parties, federal courts should decline supplemental jurisdiction. See United Mine Workers of America v. Gibbs 383 U.S. 715, 726 (1966). The 9th Circuit District Courts have repeatedly relied on this principal to decline supplemental jurisdiction over state law claims in disabled access cases. See OAM v Singletary 406 F. Supp 2nd 1120, 1130-1132 (2005 SD Cal.); see also Cross v. Pacific Coast Plaza Invest. No. 06CV2543 JM (RBB) (SD Cal. March 6, 2007). [Request for Judicial Notice of Order Granting Motion to Dismiss Supplemental claim, Exhib. D]

In Cross vs. Pacific Coast Invest., the plaintiff, Diane Cross, sued a shopping center and the stores located therein based on disabled access barriers she allegedly encountered. Id at 1-2. The District Court for the Southern District of California analyzed the federal and state courts interpretation of California disabled access statutes and concluded "this Court is faced with irreconcilable authorities based on the current status of the law." Id. At 7. It found that Lentini v. California Center for the Arts, Escondido at 370 F.3d 837, 847 (9th Cir.2004), on the one hand, held that a plaintiff can recover statutory damages for an unintentional violation of the California Unruh Civil Rights Act; whereas, in Gunther vs. Lin 144 Cal. App. 4th 223 (4th Dist. 2006), on the other hand, held Lentini was wrongly decided and a finding of intentional discrimination is required for an award of statutory damages. Id. Based on the "tension" between these two decisions, that court dismissed the plaintiff's Unruh Act claims, as well as all of her other state law claims on the basis that they were inextricably intertwined. Id at 9.

The tension between Gunther and Lentini was further compounded by the March 22, 2007 decision in the United States District Court for the Eastern District of California in Wilson v. Haria & Gogri Corp. 207 WL 851744 (E.D. Cal. 2007). [Request for Judicial Notice of Order Granting Motion to Dismiss Supplemental claim, Exhib. E] In Wilson, the court rejected Gunther, finding Lentini to be more persuasive, and awarded the plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS
FOR THE COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION AND
(2) DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH
RELIEF CAN BE GRANTED
Case # C08-0356

4

statutory damages in the absence of intentional discrimination. Id. at 7-8. The resulting effect of Wilson, compelling federal courts to decline supplemental jurisdiction over state law disability claims, was recognized by the Southern District of California in Cross v. Boston Market Corporation, 07 CV 486J(LSP) (May 29, 2007). [Request for Judicial Notice of Order Granting Motion to Dismiss Supplemental claim, Exhib. F]

With the state and federal courts expressing polar-opposite interpretations of the California Unruh Civil Rights act, a Federal Court willing to address the State claims subjects the parties to potentially relitigating the matters if the court wrongly projects how the law will settle. While the Eastern District of California in Wilson v. Haria & Gogri Corp. 207 WL 851744 (E.D. Cal. 2007) predicted the California Supreme Court will ultimately reverse or distinguish Gunther v. Lin 144 Cal. App. 4th 223 (4th Dist. 2006), a federal court must still apply state law. However, the Court's application is ultimately reviewed trial de novo by the court of Appeals. See Gasparini v. Center for Humanities, Inc. 518 U.S. 415, 416 (1996); Salve Regina College vs Russell, 49 U.S. 225, 231 (1991). Thus, if this court wrongly projects how the law will settle, the parties may be forced to relitigate the issues. There is no need for this court or the parties to unnecessarily expend such resources. This reasoning was recognized by the United States Supreme Court in United Mine Workers of America v. Gibbs 383 U.S. 715, 726 (1966).

In this action, plaintiff asserts a claim for relief based on the California under Civil Rights Act. Under this theory, he seeks statutory damages of $4000 per incident of discrimination on a daily basis, whether or not plaintiff actually visited or intended to visit the restaurant. Because of the irreconcilable interpretations of California State disability access law between the federal and state courts, this court should decline to extend supplemental jurisdiction over plaintiff's Unruh Act claims, as well as plaintiffs other disabled rights claim arising under state law. As such, to promote comity and justice, this Court should dismiss all of plaintiff state law disability access claims which are inextricably intertwined with one another.

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS FOR THE COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION AND (2) DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED
Case # C08-0356

B. <u>The Court Should Dismiss for Failure to State a Cause of Action [FRCP 12(b)(6)]</u>

A Rule 12(b)(6) motion is similar to the common-law general demurrer. It tests the legal sufficiency of the claim or claims stated in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. A Rule 12(b)(6) dismissal is proper where there is either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Department</u> (9th Cir. 1990) 901 F.2d 696, 699.

In this instance, plaintiff elected to identify Unicorn as a defendant while simultaneously excluding the lessee's name from each cause of action and each prayer for relief. With no legal theory set forth, the claim against Unicorn should be dismissed. Presumably, Plaintiff elected to avoid including Unicorn in each cause of action because (1) the federal claim (for injunctive relief) may no longer exist when Unicorn is able to terminate its lease with the Owner and/or (2) Yates may not want to place in issue the fact that the cost of compliance is compelling Unicorn to close its business.

VI. CONCLUSION

To promote comity and justice, this Court should follow its prior Order (predicated on the reasoning of the Southern District) and decline to extend supplemental jurisdiction over plaintiffs' state law claims. The heart of plaintiffs' state law claims, the Unruh act, is the subject of irreconcilable interpretations between California State and federal courts. In circumstances such as these, the court should leave the California courts to interpret their own law. The Court should also strongly consider Unicorn's Rule 12(b)(6) Motion since it is apparent that Plaintiff intentionally elected not to present a claim against Unicorn.

Dated: March 31, 2008

LAW OFFICES OF H. PAUL BRYANT

By: _____
H. Paul Bryant, Attorney for
Unicorn Pan Asian Cuisine

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS
FOR THE COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION AND
(2) DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH
RELIEF CAN BE GRANTED
Case # C08-0356

PROOF OF SERVICE BY MAIL

RE: <u>Yates v. Unicorn Pan Pacific Cuisine</u>
ND California Federal District Court, Case No. C080356 JSW

H. Paul Bryant certifies and declares as follows:

I am over the age of 18 years, and not a party to this action. My business address is 725 Washington Street, Suite #213, Oakland, California, 94607, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 31, 2008, at my place of business at Oakland, California, a copy of the following documents:

(1) NOTICE OF MOTION FOR COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(c)]; AND (2) DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; [FRCP 12(b)(6)]

(2) MOTION FOR COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(c)]; AND (2) DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; [FRCP 12(b)(6)]

(3) REQUEST FOR JUDICIAL NOTICE OF DOCUMENTS SUPPORING MOTION FOR COURT TO: (1) DECLINE SUPPLEMENTAL JURISDICTION OVER AND TO DISMISS PLAINTIFF'S STATE LAW CLAIMS [28 U.S.C. § 1367(c)]; AND (2) DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; [FRCP 12(b)(6)]

were served by placing the documents listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail, at Oakland, California addressed as set forth below :

Thomas E. Frankovich
2806 Van Ness Avenue
San Francisco, California 94109

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 31, 2008.

H. Paul Bryant

POS