1   JEFFER, MANGELS, BUTLER & MARMARO LLP
    MARTIN H. ORLICK (Bar No. 083908), MHO@jmbm.com
2   MATTHEW S. KENEFICK (Bar No. 227298), MSK@jmbm.com
    Two Embarcadero Center, Fifth Floor
3   San Francisco, California 94111-3824
    Telephone:   (415) 398-8080
4   Facsimile:   (415) 398-5584

5   Attorneys for Defendant WELLS FARGO BANK, N.A.
    (formerly known as CROKET NATIONAL BANK &
6   HENRY I. POPPIC, trustees of the POPPIC TRUST)

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11  CRAIG YATES, an individual; and          CASE NO.    CV 08 00356 JSW
    DISABILITY RIGHTS, ENFORCEMENT,
12  EDUCATION, SERVICES: HELPING YOU         **ANSWER OF WELLS FARGO BANK, N.A.,**
    HELP OTHERS, a California public benefit **(FORMERLY KNOWN AS CROKET**
13  corporation,                             **NATIONAL BANK & HENRY I. POPPIC,**
                                             **TRUSTEES OF THE POPPIC TRUST) TO**
14                Plaintiffs,                **FIRST AMENDED COMPLAINT FOR**
                                             **INJUNCTIVE RELIEF AND DAMAGES**
15         v.

16  UNICORN PAN ASIAN CUISINE; WELLS
    FARGO BANK, N.A., (formerly known as
17  CROKET NATIONAL BANK & HENRY I.
    POPPIC, trustees of the POPPIC TRUST); and
18  CHAMPANGO LLC, a limited liability
    company,                                 Complaint filed:         January 18, 2008
19                                           1st Amended Compl. filed: March 12, 2008
                  Defendants.                Trial date:              none set
20

21

22

23         Defendant Wells Fargo Bank, N.A. (formerly known as Croket National Bank &

24  Henry I. Poppic, trustees of the Poppic Trust ("Defendant") hereby responds to the Complaint for

25  Injunctive Relief and Damages of Plaintiffs Craig Yates ("Yates") and Disability Rights,

26  Enforcement, Education, Services: Helping You Help Others ("DREES") (collectively "Plaintiffs")

27  (the "Complaint") and answers, alleges and avers as follows.  Defendant reserves the right to

28  amend, add, or strike affirmative defenses as discovery ensues or excluded as the result of

PRINTED ON
RECYCLED PAPER

JMBM  Jeffer Mangels
      Butler & Marmaro LLP

1    inadvertence.

2    **INTRODUCTION**

3       1.      In answer to paragraph 1 of the Complaint, Defendant acknowledges that Plaintiffs

4    seek various forms of relief in the Complaint.  Defendant admits only that Plaintiffs seek the relief

5    set forth therein.  Defendant denies it discriminated against Plaintiffs or that Plaintiffs are entitled to

6    any claimed relief.  Defendant lacks knowledge and information sufficient to enable Defendant to

7    form a belief as to the truth of the allegations in said paragraph and therefore denies the allegations

8    contained therein on that ground.

9       2.      In answer to paragraph 2 of the Complaint, Defendant lacks knowledge and

10   information sufficient to enable Defendant to answer the allegations in said paragraph and therefore

11   denies generally and specifically, each and every allegation contained therein on that ground.

12   Defendant denies that it has acted unlawfully or has discriminated against Plaintiffs, or any

13   similarly situated persons.

14   **JURISDICTION AND VENUE**

15      3.      In answer to paragraph 3 of the Complaint, Defendant admits this Court has original

16   jurisdiction over claims brought pursuant to 42 U.S.C. section 12101, *et seq.* under the allegations

17   contained therein.

18      4.      In answer to paragraph 4 of the Complaint, Defendant admits the allegations

19   contained therein.

20      5.      In answer to paragraph 5 of the Complaint, Defendant admits the contents of Health

21   and Safety Code, Part 5.5, the Unruh Civil Rights Act and other statutory measures speak for

22   themselves and on that ground, denies each and every allegation contained therein.  With respect to

23   the remaining allegations, Defendant lacks knowledge and information sufficient to enable

24   Defendant to form a belief as to the truth of the allegations in said paragraph and therefore denies,

25   generally and specifically, each and every allegation contained therein on that ground.

26      6.      In answer to paragraph 6 of the Complaint, Defendant lacks knowledge and

27   information sufficient to enable Defendant to form a belief as to the truth of the allegations in said

28   paragraph and therefore denies generally and specifically, each and every allegation contained

1    therein on that ground.

2          7.      In answer to paragraph 7 of the Complaint, Defendant lacks knowledge and

3    information sufficient to enable Defendant to form a belief as to the truth of the allegations in said

4    paragraph and therefore denies generally and specifically, each and every allegation contained

5    therein on that ground.   Defendant denies it has acted unlawfully or has discriminated against

6    Plaintiffs, or any similarly situated persons.

7          8.      In answer to paragraph 8 of the Complaint, Defendant admits only that it is an owner

8    and lessor of the real property located at 2533 Telegraph Avenue, Berkeley, California, or of the

9    buildings and/or building thereon.  With respect to the remaining allegations of said paragraph,

10   Defendant is without knowledge or information sufficient to form a belief as to the truth of the

11   allegations and on that ground, denies the same.

12         9.      In answer to paragraph 9 of the Complaint, the allegations as contained therein are so

13   vague, ambiguous and uncertain Defendant cannot determine how to respond to this allegation.

14   Moreover, Defendant states the averments are conclusions of law, which require no responsive

15   pleading under the Federal Rules of Civil Procedure.  Defendant denies each and every remaining

16   allegation of said paragraph.

17         10.     In answer to paragraph 10 of the Complaint, Defendant asserts the allegations as

18   contained therein are so vague, ambiguous and uncertain Defendant cannot determine how to

19   respond to the same.  Moreover, Defendant states the averments are conclusions of law, which

20   require no responsive pleading under the Federal Rules of Civil Procedure.  Defendant denies each

21   and every remaining allegation of said paragraph.  Defendant denies it has acted unlawfully or has

22   discriminated against Plaintiffs, or any similarly situated persons.

23   **PRELIMINARY FACTUAL ALLEGATIONS**

24         11.     In answer to paragraph 11 of the Complaint, Defendant admits the Unicorn

25   restaurant is located at/near 2533 Telegraph Avenue, Berkeley, California.  Defendant admits the

26   contents of the ADA, ADAAG and Title 24 of the California Code of Regulations ("Title 24") and

27   other statutory measures speak for themselves and on that ground, denies each and every allegation

28   contained in said paragraph to the extent they misstate or contradict those provisions. With respect

PRINTED ON
RECYCLED PAPER

734450v1                    - 3 -      C08-00356 JSW
                                       ANSWER TO COMPLAINT

1    to the remaining allegations of said paragraph, Defendant is without knowledge or information

2    sufficient to form a belief as to the truth of the allegations and on that ground, denies the same.

3           12.    In answer to paragraph 12 of the Complaint, Defendant is without knowledge or

4    information sufficient to form a belief as to the truth of the allegations and on that ground, denies

5    the same.

6           13.    In answer to paragraph 13 of the Complaint, Defendant is without knowledge or

7    information sufficient to form a belief as to the truth of the allegations and on that ground, denies

8    the same.

9           14.    In answer to paragraph 14 of the Complaint, Defendant is without knowledge or

10   information sufficient to form a belief as to the truth of the allegations and on that ground, denies

11   the same.

12          15.    In answer to paragraph 15 of the Complaint, Defendant is without knowledge or

13   information sufficient to form a belief as to the truth of the allegations and on that ground, denies

14   the same.

15          16.    In answer to paragraph 16 of the Complaint, Defendant is without knowledge or

16   information sufficient to form a belief as to the truth of the allegations and on that ground, denies

17   the same.

18          17.    In answer to paragraph 17 of the Complaint, Defendant is without knowledge or

19   information sufficient to form a belief as to the truth of the allegations and on that ground, denies

20   the same.

21          18.    In answer to paragraph 18 of the Complaint, Defendant is without knowledge or

22   information sufficient to form a belief as to the truth of the allegations and on that ground, denies

23   the same. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any

24   similarly situated persons.

25          19.    In answer to paragraph 19 of the Complaint, Defendant is without knowledge or

26   information sufficient to form a belief as to the truth of the allegations and on that ground, denies

27   the same. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any

28   similarly situated persons.

PRINTED ON
RECYCLED PAPER

JMBM  Jeffer Mangels
      Butler & Marmaro LLP

734450v1

C08-00356 JSW
ANSWER TO COMPLAINT

20.    In answer to paragraph 20 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that ground, denies the same. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any similarly situated persons.

21.    In answer to paragraph 21 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that ground, denies the same. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any similarly situated persons.

22.    In answer to paragraph 22 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that ground, denies the same.

23.    In answer to paragraph 23 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that ground, denies the same.

24.    In answer to paragraph 24 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that ground, denies the same.

25.    In answer to paragraph 25 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that ground, denies the same.

26.    In answer to paragraph 26 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that ground, denies the same.

27.    In answer to paragraph 27 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that ground, denies the same.

28.    In answer to paragraph 28 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that ground, denies

PRINTED ON
RECYCLED PAPER

734450v1

C08-00356 JSW
ANSWER TO COMPLAINT

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    the same.

2        29.    In answer to paragraph 29 of the Complaint, Defendant is without knowledge or

3    information sufficient to form a belief as to the truth of the allegations and on that ground, denies

4    the same.

5        30.    In answer to paragraph 30 of the Complaint, Defendant is without knowledge or

6    information sufficient to form a belief as to the truth of the allegations and on that ground, denies

7    the same.

8        31.    In answer to paragraph 31 of the Complaint, Defendant is without knowledge or

9    information sufficient to form a belief as to the truth of the allegations and on that ground, denies

10    the same.

11        32.    In answer to paragraph 32 of the Complaint, Defendant is without knowledge or

12    information sufficient to form a belief as to the truth of the allegations and on that ground, denies

13    the same.

14        33.    In answer to paragraph 33 of the Complaint, Defendant denies the allegations

15    contained therein. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs,

16    or any similarly situated persons.

17        34.    In answer to paragraph 34 of the Complaint, Defendant denies the allegations

18    contained therein. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs,

19    or any similarly situated persons.

20        35.    In answer to paragraph 35 of the Complaint, Defendant is without knowledge or

21    information sufficient to form a belief as to the truth of the allegations and on that ground, denies

22    the same.

23        36.    In answer to paragraph 36 of the Complaint, Defendant denies the allegations

24    contained therein. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs,

25    or any similarly situated persons.

26        37.    In answer to paragraph 37 of the Complaint, Defendant denies the allegations

27    contained therein. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs,

28    or any similarly situated persons.

JMBM | Jeffer Mangels Butler & Marmaro LLP

38.    In answer to paragraph 38 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that ground, denies the same.

39.    In answer to paragraph 39 of the Complaint, Defendant admits only that Plaintiff seeks the relief set forth in the Complaint.  Defendant denies each and every remaining allegation of said paragraph and Defendant denies that it has acted unlawfully or have discriminated against Plaintiff, or any similarly situated persons.

40.    In answer to paragraph 40 of the Complaint, Defendant denies the allegations contained therein. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any similarly situated persons.

41.    In answer to paragraph 41 of the Complaint, Defendant admits only that Plaintiff seeks the relief set forth in the Complaint.  Defendant denies each and every remaining allegation of said paragraph and Defendant denies that it has acted unlawfully or have discriminated against Plaintiff, or any similarly situated persons.

42.    In answer to paragraph 42 of the Complaint, Defendant denies the allegations contained therein.

43.    In answer to paragraph 43 of the Complaint, Defendant denies the allegations contained therein.

44.    In answer to paragraph 44 of the Complaint, Defendant denies the allegations contained therein. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any similarly situated persons.

45.    In answer to paragraph 45 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that ground, denies the same.

Wherefore, Defendant prays for judgment hereinafter as set forth.

///

///

///

PRINTED ON
RECYCLED PAPER

734450v1

C08-00356 JSW
ANSWER TO COMPLAINT

1   **I. FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
    ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
2   OF 1990 (42 U.S.C. § 12101, *ET SEQ.*):**
    (On behalf of Plaintiffs Craig Yates and Disability Rights Enforcement, Education, Services:
3   Helping You Help Others, a California public benefit corporation and Against Defendants Wells
    Fargo Bank, N.A. (formerly known as Croket National Bank & Henry I. Poppic, trustees of the
4   Poppic Trust); and Champango LLC, a limited liability company, inclusive) (42 U.S.C. § 12101, *et
    seq.)*

5           46.     In answer to paragraph 46 of the Complaint, Defendant hereby incorporates by

6   reference each admission, denial, and each denial on information and belief, as well as all

7   explanations regarding those allegations, made in response to paragraphs 1 through 45, inclusive, as

8   though fully set forth herein.

9           47.     In answer to paragraph 47 of the Complaint, Defendant states the averments are

10  conclusions of law, which require no responsive pleading under the Federal Rules of Civil

11  Procedure. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any

12  similarly situated persons.

13          48.     In answer to paragraph 48 of the Complaint, Defendant states the averments are

14  conclusions of law, which require no responsive pleading under the Federal Rules of Civil

15  Procedure. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any

16  similarly situated persons.

17          49.     In answer to paragraph 49 of the Complaint, Defendant states the averments are

18  conclusions of law, which require no responsive pleading under the Federal Rules of Civil

19  Procedure. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any

20  similarly situated persons.

21          50.     In answer to paragraph 50 of the Complaint, Defendant states the averments are

22  conclusions of law, which require no responsive pleading under the Federal Rules of Civil

23  Procedure. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any

24  similarly situated persons.

25          51.     In answer to paragraph 51 of the Complaint, Defendant states the averments are

26  conclusions of law, which require no responsive pleading under the Federal Rules of Civil

27  Procedure. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any

28  similarly situated persons.

JMBM   Jeffer Mangels
       Butler & Marmaro LLP

52.    In answer to paragraph 52 of the Complaint, Defendant denies the allegations of said paragraph and Defendant denies it acted unlawfully or has discriminated against Plaintiffs, or any similarly situated persons.

53.    In answer to paragraph 53 of the Complaint, Defendant states the averments are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure.  Defendant denies each and every remaining allegation of said paragraph and Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any similarly situated persons.

54.    In answer to paragraph 54 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that ground, denies the same.

55.    In answer to paragraph 55 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that ground, denies the same. Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any similarly situated persons.

56.    In answer to paragraph 56 of the Complaint, Defendant states the averments are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure.  Defendant denies each and every remaining allegation of said paragraph and Defendant denies it acted unlawfully or has discriminated against Plaintiffs, or any similarly situated persons.

57.    In answer to paragraph 57 of the Complaint, Defendant admits only that Plaintiff seeks the relief set forth in the Complaint.  Defendant denies each and every remaining allegation of said paragraph and Defendant denies that it has acted unlawfully or have discriminated against Plaintiff, or any similarly situated persons.

Wherefore, Defendant prays for judgment hereinafter as set forth.

///

///

///

1  **II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, 54.1 AND 54.3, *ET SEQ.***

2  (On behalf of Plaintiffs Craig Yates and Disability Rights Enforcement, Education, Services: Helping You Help Others, a California public benefit corporation and Against Defendants Wells

3  Fargo Bank, N.A. (formerly known as Croket National Bank & Henry I. Poppic, trustees of the Poppic Trust); and Champango LLC, a limited liability company, inclusive) (California Civil Code

4  §§ 54, 54.1, 54.3, *et seq.)*

5      58.    In answer to paragraph 58 of the Complaint, Defendant hereby incorporates by

6  reference each admission, denial, and each denial on information and belief, as well as all

7  explanations regarding those allegations, made in response to paragraphs 1 through 57, inclusive, as

8  though fully set forth herein.

9      59.    In answer to paragraph 59 of the Complaint, Defendant states the averments are

10  conclusions of law, which require no responsive pleading under the Federal Rules of Civil

11  Procedure. Defendant denies each and every remaining allegation of said paragraph and Defendant

12  denies it has acted unlawfully or has discriminated against Plaintiffs, or any similarly situated

13  persons.

14      60.    In answer to paragraph 60 of the Complaint, Defendant states the averments are

15  conclusions of law, which require no responsive pleading under the Federal Rules of Civil

16  Procedure. Defendant denies each and every remaining allegation of said paragraph and Defendant

17  denies it has acted unlawfully or has discriminated against Plaintiffs, or any similarly situated

18  persons.

19      61.    In answer to paragraph 61 of the Complaint, Defendant states the averments are

20  conclusions of law, which require no responsive pleading under the Federal Rules of Civil

21  Procedure. Defendant denies each and every remaining allegation of said paragraph and Defendant

22  denies it acted unlawfully or has discriminated against Plaintiffs, or any similarly situated persons.

23      62.    In answer to paragraph 62 of the Complaint, Defendant states the averments are

24  conclusions of law, which require no responsive pleading under the Federal Rules of Civil

25  Procedure. Defendant denies each and every remaining allegation of said paragraph and Defendant

26  denies it has acted unlawfully or has discriminated against Plaintiffs, or any similarly situated

27  persons.

28      63.    In answer to paragraph 63 of the Complaint, Defendant denies the allegations

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmaro LLP

734450v1

1  contained therein.  Defendant denies it has acted unlawfully or has discriminated against Plaintiffs,

2  or any similarly situated persons.

3       64.    In answer to paragraph 64 of the Complaint, Defendant denies the allegations

4  contained therein.  Defendant denies it has acted unlawfully or has discriminated against Plaintiffs,

5  or any similarly situated persons.

6       65.    In answer to paragraph 65 of the Complaint, Defendant is without knowledge or

7  information sufficient to form a belief as to the truth of the allegations and on that ground, denies

8  the same.  Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any

9  similarly situated persons.

10      66.    In answer to paragraph 66 of the Complaint, Defendant denies the allegations

11 contained therein and Defendant denies it has acted unlawfully or has discriminated against

12 Plaintiffs, or any similarly situated persons.

13      67.    In answer to paragraph 67 of the Complaint, Defendant admits only that Plaintiff

14 seeks the relief set forth in the Complaint.  Defendant denies each and every remaining allegation of

15 said paragraph and Defendant denies that it has acted unlawfully or have discriminated against

16 Plaintiff, or any similarly situated persons.

17      Wherefore, Defendant prays for judgment hereinafter as set forth.

18 **III.  THIRD  CAUSE  OF  ACTION  FOR  DENIAL  OF  ACCESSIBLE  SANITARY
   FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE § 19955, *ET SEQ.***
19 (On behalf of Plaintiffs Craig Yates and Disability Rights Enforcement, Education, Services:
   Helping You Help Others, a California public benefit corporation and Against Defendants Wells
20 Fargo Bank, N.A. (formerly known as Croket National Bank & Henry I. Poppic, trustees of the
   Poppic Trust); and Champango LLC, a limited liability company, inclusive) (Health & Safety Code
21 § 19955, *et seq.)*

22      68.    In answer to paragraph 68 of the Complaint, Defendant hereby incorporates by

23 reference each admission, denial, and each denial on information and belief, as well as all

24 explanations regarding those allegations, made in response to paragraphs 1 through 67, inclusive, as

25 though fully set forth herein.

26      69.    In answer to paragraph 69 of the Complaint, Defendant states the averments are

27 conclusions of law, which require no responsive pleading under the Federal Rules of Civil

28 Procedure.  Defendant denies it has acted unlawfully or has discriminated against Plaintiffs, or any

PRINTED ON
RECYCLED PAPER

JMBM Jeffer Mangels
Butler & Marmarou®

1    similarly situated persons.

2       70.    In answer to paragraph 70 of the Complaint, Defendant states the averments are

3    conclusions of law, which require no responsive pleading under the Federal Rules of Civil

4    Procedure.  Defendant denies each and every remaining allegation of said paragraph and Defendant

5    denies it has acted unlawfully or has discriminated against Plaintiffs, or any similarly situated

6    persons.

7       71.    In answer to paragraph 71 of the Complaint, Defendant states the averments are

8    conclusions of law, which require no responsive pleading under the Federal Rules of Civil

9    Procedure.  Defendant denies each and every remaining allegation of said paragraph and Defendant

10   denies it has acted unlawfully or has discriminated against Plaintiffs, or any similarly situated

11   persons.

12      72.    In answer to paragraph 72 of the Complaint, Defendant admits the allegations

13   contained therein.

14      73.    In answer to paragraph 73 of the Complaint, Defendant denies the allegations

15   contained in this paragraph.  Defendant denies it has acted unlawfully or has discriminated against

16   Plaintiffs, or any similarly situated persons.

17      74.    In answer to paragraph 74 of the Complaint, Defendant admits only that Plaintiff

18   seeks the relief set forth in the Complaint.  Defendant denies each and every remaining allegation of

19   said paragraph and Defendant denies that it has acted unlawfully or have discriminated against

20   Plaintiff, or any similarly situated persons.

21      75.    In answer to paragraph 75 of the Complaint, Defendant admits only that Plaintiff

22   seeks the relief set forth in the Complaint.  Defendant denies each and every remaining allegation of

23   said paragraph and Defendant denies that it has acted unlawfully or have discriminated against

24   Plaintiff, or any similarly situated persons.

25         Wherefore, Defendant prays for judgment hereinafter as set forth.

26   ///

27   ///

28   ///

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1   **IV.  FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE § 51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
2
3   (On behalf of Plaintiffs Craig Yates and Disability Rights Enforcement, Education, Services: Helping You Help Others, a California public benefit corporation and Against Defendants Wells Fargo Bank, N.A. (formerly known as Croket National Bank & Henry I. Poppic, trustees of the Poppic Trust); and Champango LLC, a limited liability company, inclusive) (Civil Code § 51, 51.5)
4

5

6          76.     In answer to paragraph 76 of the Complaint, Defendant hereby incorporates by

7   reference each admission, denial, and each denial on information and belief, as well as all

8   explanations regarding those allegations, made in response to paragraphs 1 through 75, inclusive, as

9   though fully set forth herein.

10         77.     In answer to paragraph 77 of the Complaint, to the extent that such paragraph

11  requires a response, Defendant denies the allegations contained therein and denies it has acted

12  unlawfully or has discriminated against Plaintiffs, or any similarly situated persons.

13         78.     In answer to paragraph 78 of the Complaint, to the extent that such paragraph

14  requires a response, Defendant denies the allegations contained therein and denies it has acted

15  unlawfully or has discriminated against Plaintiffs, or any similarly situated persons.

16         79.     In answer to paragraph 79 of the Complaint, to the extent that such paragraph

17  requires a response, Defendant denies the allegations contained therein and denies it has acted

18  unlawfully or has discriminated against Plaintiffs, or any similarly situated persons.

19         80.     In answer to paragraph 80 of the Complaint, to the extent that such paragraph

20  requires a response, Defendant denies the allegations contained therein and denies it has acted

21  unlawfully or has discriminated against Plaintiffs, or any similarly situated persons.

22         81.     In answer to paragraph 81 of the Complaint, Defendant denies the allegations

23  contained therein.  Defendant denies Plaintiffs are entitled to attorneys' fees and costs or damages

24  under federal or state law.  Defendant denies it has acted unlawfully or has discriminated against

25  Plaintiffs, or any similarly situated persons.

26  ///

27  ///

28  ///

PRINTED ON
RECYCLED PAPER

JMBM  Jeffer Mangels Butler & Marmaro LLP

## AFFIRMATIVE DEFENSES TO ALL CLAIMS FOR RELIEF

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

1.    Defendant alleges the Complaint as a whole, and each claim for relief asserted therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

2.    Defendant alleges upon information and belief the Complaint as a whole, and each claim for relief asserted therein, is barred by the expiration of the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

### (Conduct Of Third Parties)

3.    Although Defendant denies Plaintiffs have been damaged in any way, if it should be determined that Plaintiffs have been damaged, then Defendant alleges upon information and belief the proximate cause of such damage was the conduct of Plaintiffs or others for which Defendant was not and is not responsible.

### FOURTH AFFIRMATIVE DEFENSE

### (Negligence Of Third-Parties)

4.    Defendant alleges if Plaintiffs are entitled to any damages under the circumstances alleged in the Complaint or in any other respect, which is denied, these injuries and damages were wholly or in part, directly and proximately caused and contributed to by the negligence, carelessness, lack of due care and fault of third parties.  In the event Plaintiffs are found to have sustained any injuries and to be entitled to any damages, Defendant is liable only for that portion of any damages which correspond to its degree of fault or responsibility, and is not liable for any damages attributable to the responsibility, negligence or fault of any other party.

### FIFTH AFFIRMATIVE DEFENSE

### (No Basis For Damages)

5.    Defendant alleges Plaintiffs fail to state a basis for recovery of damages from Defendant, and therefore cannot recover the same from Defendant.

C08-00356 JSW
ANSWER TO COMPLAINT

PRINTED ON
RECYCLED PAPER

734450v1

1

**SIXTH AFFIRMATIVE DEFENSE**

2

**(No Basis For Recovery Of Attorneys' Fees Under Code Of Civil Procedure § 1021.5)**

3     6.    Defendant alleges Plaintiffs fail to state a basis for recovery of their attorneys' fees

4 under Code of Civil Procedure section 1021.5 from Defendant, and therefore cannot recover the

5 same.

6

**SEVENTH AFFIRMATIVE DEFENSE**

7

**(Defendant's Good Faith)**

8     7.    Defendant alleges, at all times relevant to the Complaint, Defendant has acted on

9 good faith interpretations of disabled access laws and provisions, which preclude any recovery by

10 Plaintiffs based on the allegations of the Complaint.

11

**EIGHTH AFFIRMATIVE DEFENSE**

12

**(Equivalent Facilitation)**

13     8.    Defendant alleges, at all times relevant to the Complaint, Defendant made available

14 to Plaintiffs, as well as other similarly situated disabled individuals, equivalent facilitation which

15 provided full and equal access to the real property and improvements thereon which are the subject

16 of Plaintiffs' Complaint (the "Subject Premises").

17

**NINTH AFFIRMATIVE DEFENSE**

18

**(No Denial Of Full And Equal Access)**

19     9.    Defendant alleges Plaintiffs' recovery in this action is barred because Defendant's

20 alleged acts and/or omissions did not actually constitute a denial to physically-disabled persons of

21 full and equal access to the Subject Premises.

22

**TENTH AFFIRMATIVE DEFENSE**

23

**(Legitimate Business Purpose)**

24     10.    Defendant alleges Plaintiffs' recovery in this action is barred because Defendant's

25 acts or omissions, as alleged in the Complaint, to the extent Defendant committed any acts or

26 omissions at all, were done in good faith pursuant to reasonable business justifications and do not

27 constitute intentional acts or omissions resulting in any discrimination against disabled persons or

28 anyone else.

JMBM | Jeffer Mangels Butler & Marmaro LLP

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Waiver)

11.    Defendant is informed and believes, and based thereon alleges, that the Complaint, and the whole thereof, is barred by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Estoppel)

12.    Defendant is informed and believes, and based thereon alleges, that the Complaint, and the whole thereof, is barred by the doctrine of estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

13.    Defendant is informed and believes, and based thereon alleges, that the Complaint, and the whole thereof, is barred by the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Justifiable Conduct)

14.    Defendant alleges Plaintiffs' recovery in this action is barred because Defendant's conduct was, at all times mentioned in the Complaint, justified and privileged.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Laches)

15.    Defendant is informed and believes, and based thereon alleges, that Plaintiffs, by delaying prosecution of this action until the present time, the Complaint, in whole or in part, is barred by the doctrines of laches and acquiescence, thereby preventing Plaintiffs from recovering any damages or injunctive relief thereunder from Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Plaintiffs' Bad Faith)

16.    Defendant asserts Plaintiffs and Plaintiffs' Counsel filed this action against Defendant for the primary purpose of extracting payment over technical, or non-existent, ADA violations which have no discriminatory impact on Plaintiffs or the disabled community.

///

PRINTED ON
RECYCLED PAPER

734450v1

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (No Violation Of Law)

17.     Defendant is informed and believes, and based thereon allege, each of Plaintiffs' purported claims for relief against Defendant are frivolous and unsupported in that the alleged access barriers do not constitute substantive violations of state or federal accessibility law, or violations of any such law at all.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Not Readily Or Likely Achievable)

18.     Defendant alleges any further action by Defendant to ensure no individual with a disability is excluded, denied services, or otherwise treated differently, would result in a fundamental alteration of the Subject Premises, is not technically feasible, or is not structurally or legally readily achievable or likely achievable.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Failure To Notify Defendant)

19.     Defendant is informed and believes, and based thereon alleges, the Complaint, and each purported claim for relief contained therein, fails as a matter of law because, to the extent Plaintiffs were not provided with equivalent service, access and enjoyment of the Subject Premises, it was because Plaintiffs failed to give Defendant notice of the need for and an opportunity to do so.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Reliance Upon Municipal Permits/Vested Rights)

20.     Defendant alleges all applicable legal requirements pertaining to access to the Subject Premises by disabled persons have been complied with through all necessary permits obtained from appropriate authorities for construction, alteration or structural modification of the Subject Premises and Defendant reasonably relied upon powers vested in those authorities and that such permits conferred vested rights in Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Not Public Accommodation)

21.     Defendant is informed and believes some of the alleged access issues at the Subject

734450v1

C08-00356 JSW
ANSWER TO COMPLAINT

PRINTED ON
RECYCLED PAPER

JMBM Jeffer Mangels Butler & Marmaro LLP

1 Premises are not in primary function areas and are therefore without the provisions of the ADA.

2 ### TWENTY-SECOND AFFIRMATIVE DEFENSE

3 #### (*De Minimis* Deviations)

4      22.     Defendant alleges Plaintiffs' Complaint as a whole, and the claims for relief

5 contained therein, fail to state a claim for relief as the alleged accessibility violations constitute *de*

6 *minimis* deviations from state or federal access laws, codes, regulations or guidelines or

7 construction tolerances.

8 ### TWENTY-THIRD AFFIRMATIVE DEFENSE

9 #### (Failure To Mitigate Damages)

10      23.     Although Defendant denies Plaintiffs have been damaged in any way, if it should be

11 determined that Plaintiffs have been damaged, then Defendant alleges, based on information and

12 belief, that Plaintiffs have failed to mitigate their purported damages and further alleges, to the

13 extent any damages could have been mitigated, such sums should be deducted from any award of

14 damages.

15 ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

16 #### (Undue Hardship)

17      24.     Defendant is informed and believes some or all of the proposed access changes

18 would cause a loss of function, space or facility where the general public is concerned, and that said

19 proposed changes would cause practical difficulty, unnecessary hardship, and extreme differences,

20 and that equivalent facilitations have been or will be provided.

21 ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

22 #### (Reasonable Portion Of Facility Accessible)

23      25.     Defendant is informed and believes and thereon alleges that the Subject Premises

24 does not violate any law, regulation or provision alleged in Plaintiffs' Complaint by reason that a

25 reasonable portion of the facility and accommodations normally sought and used by the public are

26 accessible to and useable by, persons with disabilities.

27 ///

28 ///

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmarour

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Failure To Utilize Accommodations)

3      26.    Defendant alleges that each of Plaintiffs' claims for relief is barred because

4 Defendant made and makes reasonable accommodations to the disabled, and Plaintiffs failed to take

5 advantage of the accommodations offered by Defendant.

6

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

7

### (Assumption Of Risk)

8      27.    Defendant alleges Plaintiffs voluntarily and with knowledge of the matters alleged in

9 the Complaint assumed any and all of the risks, hazards and perils of the conditions alleged therein,

10 and therefore, assumed the risk of injuries or damages sustained, if any.

11

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

12

### (No Basis For Attorneys' Fees)

13      28.    Defendant alleges the Complaint fails to state facts that would support an award of

14 attorneys' fees or litigation costs against Defendant.

15

## TWENTY-NINTH AFFIRMATIVE DEFENSE

16

### (Existence Of Adequate Legal Remedy)

17      29.    Defendant alleges the Plaintiffs' claims for injunctive relief are barred because there

18 exists an adequate remedy at law.

19

## THIRTIETH AFFIRMATIVE DEFENSE

20

### (No Basis For Injunctive Relief)

21      30.    Defendant alleges the Complaint fails to state facts sufficient to entitle Plaintiffs to

22 an award of injunctive relief as the issues sought to be enjoined are not legally significant.

23

## THIRTY-FIRST AFFIRMATIVE DEFENSE

24

### (No Case Or Controversy)

25      31.    Defendant alleges the Complaint as a whole, and each claim for relief asserted

26 therein, presents no actual case or controversy, or justiciable issue suitable for determination by this

27 Court.

28 ///

JMBM | Jeffer Mangels Butler & Marmaro LLP

1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

2

### (Lack Of Standing For Injunctive Relief)

3      32.     Defendant alleges that Plaintiffs' lack standing to seek injunctive relief regarding

4      alleged barriers that are unrelated to and do not impact Plaintiffs' alleged disability, to the extent

5      Plaintiffs suffered any injury in fact.  Defendant allege Plaintiffs' prayer for injunctive relief is

6      barred on the grounds the alleged harm Plaintiffs seek to enjoin is entirely speculative and Plaintiffs

7      lack standing to assert same.

8

## THIRTY-THIRD AFFIRMATIVE DEFENSE

9

### (Standing-No Injury In Fact)

10     33.     Defendant alleges Plaintiffs lack standing because Plaintiffs failed to suffer any

11     injury in fact, and that Plaintiffs failed to suffer an actual or imminent injury as required.

12

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

13

### (Article III Standing)

14     34.     Plaintiffs lack standing under the California Civil Code or Article III and cannot

15     establish a violation of the California Civil Code or Title III because Plaintiffs are unable to show

16     that:  (1) they are qualified individuals with a disability within the meaning of the ADA; (2) they

17     were excluded from participation in or denied the benefits of Defendant's services or products, or

18     was otherwise discriminated against by Defendant; (3) any exclusion was by reason of said

19     disability; (4) that Plaintiffs suffered any injury in fact; and/or (5) or that there is any imminent

20     threat of future harm.

21

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

22

### (Unjust Enrichment)

23     35.     Defendant alleges Plaintiffs will be unjustly enriched if they obtain the relief they

24     seek, and on that ground, Plaintiffs are barred from seeking equitable relief from this Court.

25

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

26

### (Lack Of Tester Standing)

27     36.     Defendant asserts tester status does not exist as a matter of law, under the facts

28     alleged and Plaintiffs lack standing to bring this action (42 U.S.C. § 12188) under normal prudential

JMBM    Jeffer Mangels
Butler & Marmaro LLP

1    standing requirements.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (ADAAG Compliance)

37.    Defendant is informed and believes, and based thereon alleges, insofar as portions of the Subject Premises may have been altered during any relevant time period, such alterations, if any, are reasonably accessible to and usable by individuals with disabilities in accordance with the Americans With Disabilities Act Architectural Guidelines, Appendix "A" to 28 Code of Federal Regulations, Part 36, revised as of July 1, 1994 ("ADAAG"), California Health & Safety Code and the California Building Standards Code, to the maximum extent feasible, and is therefore in compliance with applicable state and federal law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Defendant's Due Care)

38.    Defendant asserts at all times mentioned in the Complaint, and with respect to all matters mentioned therein, it acted in good faith, exercised reasonable care, and complied with all duties owed by it to the public.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Defendant's Attorneys' Fees)

39.    Because Plaintiffs' Complaint and the claims for relief contained therein are frivolous, unreasonable, and without foundation, Defendant is entitled to an award of reasonable attorneys' fees and litigation costs incurred in defending against Plaintiffs' Complaint upon judgment thereon in its favor. Goodell v. Ralph's Grocery Co., 207 F.Supp.2d 1124 (E.D.Cal. 2002).

## FORTIETH AFFIRMATIVE DEFENSE

### (Reserved Defenses)

40.    Defendant alleges it cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the vague and conclusory terms used in the Complaint. Defendant's defenses will depend heavily on Defendant's expert report. Accordingly, Defendant expressly reserve the right to assert further defenses if, and to the extent, such affirmative defenses

C08-00356 JSW
ANSWER TO COMPLAINT

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmaro LLP

1    become applicable.

2          WHEREFORE, Defendant prays:

3          1.    That Plaintiffs' Complaint be dismissed;

4          2.    That Plaintiffs take nothing by reason thereof;

5          3.    That judgment be entered in favor of Defendant;

6          4.    That Defendant be awarded its attorneys' fees and costs of suit; and

7          5.    For such other and further relief as the Court deems just and proper.

8

9    DATED:    May 23, 2008       JEFFER, MANGELS, BUTLER & MARMARO LLP
                                   MARTIN H. ORLICK
10                                 MATTHEW S. KENEFICK

11

12                                 By: /s/ Matthew S. Kenefick
                                         MATTHEW S. KENEFICK
13                                 Attorneys for Defendant WELLS FARGO BANK,
                                   N.A. (formerly known as CROKET NATIONAL
                                   BANK & HENRY I. POPPIC, trustees of the POPPIC
14                                 TRUST)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

734450v1

C08-00356 JSW
                                                                     ANSWER TO COMPLAINT

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

3

I am employed in the City and County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  Two Embarcadero Center,

4

5th Floor, San Francisco, California 94111.

5

On May 23, 2008 I served the document(s) described as **ANSWER OF WELLS FARGO BANK, N.A., (formerly known as CROKET NATIONAL BANK & HENRY I. POPPIC,**

6

**TRUSTEES OF THE POPPIC TRUST)TO FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** in this action by placing the true copies thereof

7

enclosed in sealed envelopes addressed as follows:

8

Thomas E. Frankovich, Esq.
THOMAS E. FRANKOVICH, APLC

9

2806 Van Ness Avenue
San Francisco, CA  94109

10

11

☒    (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal

12

Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is

13

presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

☒    BY ELECTRONIC SERVICE TRANSMISSION via U.S. District Court, Northern

15

Division, Case Management/Electronic Case Files, Filing System.  I served a copy of the above-listed document(s) to the e-mail addresses of the addressee(s) by use as identified and

16

maintained therein.

17

Executed on May 23, 2008 at San Francisco, California.

18

☒    (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

19

20

21

Angela Pereira

22

23

24

25

26

27

28

JMBM  Jeffer Mangels
Butler & Marmarou